**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

AFSANEH NIKJOOY,

    *Plaintiff*,

    v.

MARCO RUBIO,

    *Defendant*.

Civil Action No. 24 - 1989 (LLA)

**MEMORANDUM OPINION**

Plaintiff Afsaneh Nikjooy, an Iranian national and a professor at the Iran University of Medical Sciences, seeks to compel Defendant Marco Rubio, in his official capacity as U.S. Secretary of State, to adjudicate her nonimmigrant visa application.    ECF No. 1.[1] Professor Nikjooy contends that her B-1/B-2 visa application has been unreasonably delayed in violation of the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 *et seq*., and the Mandamus Act, 28 U.S.C. § 1361.    ECF No. 1 ¶¶ 80-113.    The Secretary has moved to dismiss Professor Nikjooy's complaint under Federal Rule of Civil Procedure 12(b)(1).  ECF No. 10.  For the reasons explained below, the court will grant the Secretary's motion to dismiss.

### I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The court draws the following facts, accepted as true, from Professor Nikjooy's complaint. *Wright v. Eugene & Agnes E. Meyer Found.*, 68 F.4th 612, 619 (D.C. Cir. 2023).  It further takes

---

[1] Professor Nikjooy initially named former Secretary of State Antony Blinken as Defendant, but the current Secretary is "automatically substituted" as a party pursuant to Federal Rule of Civil Procedure 25(d).

judicial notice of "information posted on official public websites of government agencies." *Arab v. Blinken*, 600 F. Supp. 3d 59, 63 n.1 (D.D.C. 2022).

The Immigration and Nationality Act ("INA") permits individuals who have "a residence in a foreign country which [they have] no intention of abandoning" to enter the United States "for business or temporarily for pleasure" through the B-1/B-2 visa program. 8 U.S.C. § 1101(a)(15)(B). To obtain a B-1/B-2 visa, the foreign national must complete several steps. *See* U.S. Dep't of State, *Visitor Visa*.[2] First, the applicant must electronically submit a Form DS-160 Application for Nonimmigrant Visa to the consular office corresponding to the jurisdiction in which she resides. 22 C.F.R. §§ 41.101(a), 41.103(a). Typically, the applicant must then appear for an in-person interview with a consular officer. *Id.* § 41.102. At the conclusion of the interview, "the consular officer must [either] issue [or] refuse the visa." *Id.* § 41.121(a). If the consular officer determines that he does not have sufficient information to establish visa eligibility, the officer may "refuse" the visa pending further administrative processing pursuant to Section 221(g) of the INA, which typically consists of additional information-gathering. U.S. Dep't of State, *Administrative Processing Information*;[3] *see* 8 U.S.C. § 1201(g); *Giliana v. Blinken*, 596 F. Supp. 3d 13, 18 (D.D.C. 2022).

Consular officers are forbidden from issuing visas to any individual from "a country that is a state sponsor of international terrorism" unless the government determines that the applicant "does not pose a threat to the safety or national security of the United States." 8 U.S.C. § 1735(a).

---

[2] *Available at* https://perma.cc/EG4V-SURX.

[3] *Available at* https://perma.cc/RH7T-J7US.

Since 1984, the State Department has designated Iran a "state sponsor of international terrorism." U.S. Dep't of State, *State Sponsors of Terrorism*.[4]

In December 2022, Professor Nikjooy filed a Form DS-160 Application to secure a B-1/B-2 visa to attend a conference in the United States. ECF No. 1 ¶¶ 3, 5, 44. In March 2023, she was interviewed at the U.S. Consulate General in Dubai, UAE. *Id.* ¶¶ 4, 45. After the interview, Professor Nikjooy was informed that her visa had been refused under Section 221(g) for further administrative processing. *Id.* ¶¶ 4, 45; *see* 8 U.S.C. § 1201(g). The notification explained that her "case will remain refused while undergoing such processing" and that she "will receive another adjudication once such processing is complete." ECF No. 1-5. Professor Nikjooy sent several inquiries to the Consulate General about the status of her application but received no new information. ECF No. 1 ¶¶ 6, 48; *see, e.g.*, ECF No. 1-4, at 1-3. In April 2024, after notifying the consulate that she had been invited to another conference in the United States, Professor Nikjooy was told that the information had been "forwarded . . . to the officer in charge for further review" and that her "case will remain refused for administrative processing under section 221(g)" of the INA. ECF No. 1-4, at 1.

The delay in the adjudication of Professor Nikjooy's visa since December 2022 has caused Professor Nikjooy "significant financial, professional, and emotional harm" by preventing her from accepting invitations to speak at medical conferences in the United States. ECF No. 1 ¶ 53; *see id.* ¶¶ 5, 46-47, 51. It has also caused harm to the "U.S. companies [that] rely[] on her expertise for events and conferences." *Id.* ¶ 51.

---

[4] *Available at* https://perma.cc/TVP6-LQPB.

In July 2024, Professor Nikjooy filed a complaint seeking to compel the Secretary to completely and finally adjudicate her visa application. ECF No. 1. She raised three claims: that the Secretary unlawfully withheld her visa adjudication in violation of Section 706(2) of the APA (Count 1), and that her visa application had been unreasonably delayed in violation of the APA (Count II) and the Mandamus Act (Count III). *Id.* ¶¶ 80-113. The Secretary moved to dismiss the complaint, arguing that there was no final agency action with respect to Count I, ECF No. 5, at 5, that Professor Nikjooy failed to identify a non-discretionary duty requiring the consular officer to take any action on her application, *id.* at 6-10, and that the consular nonreviewability doctrine barred judicial review of the consular officer's Section 221(g) refusal of her application, *id.* at 10-13.

In June 2025, while the Secretary's motion to dismiss was pending, President Trump issued Proclamation No. 10,949 ("the Presidential Proclamation"), which fully suspended entry for nationals from certain countries, including Iran, subject to limited exceptions. *See Restricting the Entry of Foreign Nationals to Protect the United States from Foreign Terrorists and Other National Security and Public Safety Threats*, Proclamation No. 10,949, 90 Fed. Reg. 24497 (June 4, 2025). The President issued this proclamation pursuant to 18 U.S.C. § 1182(f), or Section 212(f) of the INA, which authorizes him to suspend or impose restrictions on the entry of noncitizens into the United States when he finds that entry of that class of noncitizens "would be detrimental to the interests of the United States." *See* 90 Fed. Reg. at 24498.

In September 2025, the court granted the Secretary's motion to dismiss with respect to Count I and denied the motion with respect to Counts II and III. ECF No. 9. The court explained that the consular nonreviewability doctrine was applicable only to final decisions and thus did not bar review of the consular officer's Section 221(g) provisional refusal of Professor Nikjooy's

application.  *Id.* at 6-10.  And it held that Professor Nikjooy had sufficiently alleged a non-discretionary duty to adjudicate her visa application.  *Id.* at 11-14.  The court thus concluded that Professor Nikjooy could proceed on her claims of unreasonable delay.  *Id.* at 14.

In October 2025, a consular officer sent Professor Nikjooy a letter to "inform [her] that a consular officer found [her] ineligible for a nonimmigrant visa under Section 212(f) of the Immigration and Nationality Act, pursuant to [the] Presidential Proclamation."  ECF No. 10-1, at 2.  The letter clarified that "[t]oday's decision cannot be appealed," and that "a National Interest Exception (NIE) will not be granted in [Professor Nikjooy's] case."  *Id.*  The letter further stated that while Professor Nikjooy "may reapply for a visa at any time," she must "submit a new visa application form and photo, pay the visa application fee again, and make a new appointment to be interviewed by a consular officer."  *Id.*  Finally, the letter stated that, if she chose to reapply, Professor Nikjooy "should be prepared to provide information that was not presented in [her] original visa application that indicates a change in circumstance since [her] last application."  *Id.*

The Secretary has now filed a renewed motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), arguing that the case is moot because the adjudication of Professor Nikjooy's visa is complete.  ECF No. 10, at 1.  Professor Nikjooy has filed an opposition to the motion to dismiss, ECF No. 12, and the Secretary has filed a reply, ECF No. 14.

## II.    LEGAL STANDARD

"Federal courts are courts of limited jurisdiction," and it is generally presumed that "a cause lies outside [of] this limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Under Federal Rule of Civil Procedure 12(b)(1), the court must dismiss an action unless the plaintiff can establish, by a preponderance of the evidence, that the court possesses subject-matter jurisdiction.  *Green v. Stuyvesant*, 505 F. Supp. 2d 176, 177-78 (D.D.C. 2007).  In

reviewing such a motion, the court "is not limited to the allegations set forth in the complaint" and "'may consider materials outside the pleadings.'" *Morrow v. United States*, 723 F. Supp. 2d 71, 76 (D.D.C. 2010) (quoting *Jerome Stevens Pharms., Inc. v. Food & Drug Admin.,* 402 F.3d 1249, 1253 (D.C. Cir. 2005)).    Additionally, when reviewing a motion to dismiss pursuant to Rule 12(b)(1), the court is required to "assume the truth of all material factual allegations in the complaint and 'construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged.'" *Am. Nat'l Ins. Co. v. Fed. Deposit Ins. Corp.*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting *Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005)).

## III.    DISCUSSION

"Article III of the Constitution limits the federal courts to adjudication of actual, ongoing controversies." *Sierra Club v. Jackson*, 648 F.3d 848, 852 (D.C. Cir. 2011).  "A case becomes moot and must be dismissed for lack of jurisdiction 'when, by virtue of an intervening event, a [court] cannot grant any effectual relief whatever in favor of the [plaintiff].'" *Mehneh v. Rubio*, 164 F.4th 928, 931 (D.C. Cir. 2026) (quoting *Calderon v. Moore*, 518 U.S. 149, 150 (1996) (per curiam)).  The only claims remaining in this case are Professor Nikjooy's two claims that the Secretary unreasonably delayed the adjudication of her visa application.  *See* ECF No. 1, at 23 (requesting that the court compel the adjudication of Professor Nikjooy's visa application and "[e]njoin [the Secretary] and those acting under him from any further unreasonable delay in adjudication of" her visa application); ECF No. 9, at 9 (noting that "Professor Nikjooy does not challenge a final decision denying her visa application, nor does she contend that this court should order the Secretary to grant her application," but instead "argues only that the Secretary must 'adjudicate [her] visa application in a timely manner'" (quoting ECF No. 1 ¶ 106)).  The Secretary argues that the case is now moot because, by virtue of the consular officer's October 2025 decision

to deny Professor Nikjooy's visa application pursuant to the Presidential Proclamation, Professor Nikjooy received precisely the relief she sought: the adjudication of her visa application. ECF No. 10, at 2.  Professor Nikjooy responds that "[t]he case is not moot[] because the [INA Section] 212(f) refusal is not a real adjudication, just like the ornamental [Section] 221(g) refusal before it."  ECF No. 12, at 1.  The court agrees with the Secretary and will dismiss the case as moot.

To be sure, Professor Nikjooy is correct that the March 2023 Section 221(g) visa refusal at issue in the Secretary's previous motion to dismiss did not moot her case because, as the court explained in its prior memorandum opinion, placement in administrative processing under Section 221(g) does not constitute a final disposition of one's visa application.  *See* ECF No. 9, at 6-10.  But the Section 212(f) denial issued in October 2025 *does* constitute a final adjudication of Professor Nikjooy's visa application.  It expressly provided the consular officer's conclusions that Professor Nikjooy was "ineligible for a nonimmigrant visa" and that "a National Interest Exception (NIE) [would] not be granted in [her] case," explained that the "decision" was not "appeal[able]," and noted that she was welcome to "reapply . . . at any time" but would need to "submit a new visa application form and photo, pay the visa application fee again, and make a new appointment to be interviewed by a consular officer."  ECF No. 10-1, at 2.  "In other words, the consular officer made a final, clear[,] and unambiguous decision that was not subject to any further consideration."    *Aramnahad v. Rubio*,  No. 24-CV-1817,  2025  WL  3706645,  at *4 (D.D.C. Dec. 22, 2025).

Professor Nikjooy does not meaningfully contest the finality of the October 2025 adjudication.  Instead, she argues that "since INA § 212(f) is not a legal basis for a decision to refuse the visa, the controversy over the visa application is not moot."  ECF No. 12, at 13; *see id.*

7

at 1, 4-13.  This argument conflates mootness with a substantive challenge to the legality of the denial of her visa application.  Even if Professor Nikjooy were correct that the denial of her visa was unlawful, that denial deprives this court of subject-matter jurisdiction over her claims, which were limited to allegations of unreasonable delay in the adjudication of her visa application.  "Having now received a final and unequivocal decision on [her] visa application, Plaintiff[] ha[s] obtained the relief [that she] sought, even if the result is not the one for which [she] had hoped."  *Aramnahad*, 2025 WL 3706645, at *4-5 (granting summary judgment on a claim of unreasonable delay where the plaintiffs were refused visas pursuant to the same Presidential Proclamation and claimed that the visa denials were unlawful); *see Aboutalebi v. Dep't of State*, No. 19-CV-2605, 2019 WL 6894046, at *2 (D.D.C. Dec. 18, 2019) (explaining that the plaintiff's claims concerning the unreasonable delay in the adjudication of her visa application were rendered moot by a subsequent Section 212(f) refusal because she "received the precise relief she sought," that is, an adjudication of her visa application).  The court's conclusion is bolstered by the D.C. Circuit's recent decision dismissing as moot an appeal from an appellant who claimed unreasonable delay but received a visa denial shortly before the court heard argument.  *See Mehneh*, 164 F. 4th at 932 (concluding that neither of the exceptions to mootness applied).

While the burden to establish mootness falls on the party seeking dismissal, "the opposing party has the burden to prove that a mootness exception applies."  *Reid v. Hurwitz*, 920 F.3d 828, 832 (D.C. Cir. 2019).  Because Professor Nikjooy does not assert any exception to mootness applies here, *see generally* ECF No. 12, the court will not address them.  And because the court

concludes that it lacks subject-matter jurisdiction over Professor Nikjooy's claims, it does not reach the question whether the claims are barred by the doctrine of consular nonreviewability.[5]

## IV.    CONCLUSION

For the foregoing reasons, the court will grant the Secretary's Motion to Dismiss, ECF No. 10, and dismiss the case without prejudice.  A contemporaneous order will issue.

_____
LOREN L. ALIKHAN
United States District Judge

Date:    June 23, 2026

---

[5] To the extent Professor Nikjooy seeks to bring new claims challenging the legality of her visa denial, *see* ECF No. 12, at 4-13, "it 'is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss'" because "[t]o hold otherwise would mean that a party could unilaterally amend a complaint at will." *Statewide Bonding, Inc. v. U.S. Dep't of Homeland Sec.*, 980 F.3d 109, 117 n.5 (D.C. Cir. 2020) (quoting *Coleman v. Pension Benefit Guar. Corp.*, 94 F. Supp. 2d 18, 24 n.8 (D.D.C. 2000)).  Professor Nikjooy expressly stated in her previous opposition brief that she did "not seek to challenge or adjudicate the merits of a decision to issue or withhold [her] visa[]." ECF No. 6, at 8.  If she wishes to do so now, she must bring a new suit.